Yore, *Plaintiff in Error, vs.* The People, *Defendant in Error.*

A person arrested without warrant by the Marshal of the village of Benton Harbor must be taken before a Justice of the Peace of Benton township, and this must appear on the face of the proceedings.

A Justice cannot hear, try and determine a criminal charge upon a complaint alone.

A defendant in a criminal case cannot challenge peremptorily jurors in a Justice's Court.

*Berrien Circuit, October,* 1871.

*Certiorari* to Justice's Court.

*C. B. Potter*, for Plaintiff.

*G. S. Clapp*, for Defendant.

*By the Court*, Blackman, J.—Burr, as Marshal of the village of Benton Harbor, made on oath a complaint to Justice Hull, which was reduced to writing and subscribed by him, charging Yore with sundry violations of the ordinances of the village, in being disorderly.

The papers nowhere show of what township said Hull was a Justice. No warrant was issued.

After making the complaint Burr introduced the defendant Yore to the Justice, who distinctly read the complaint to Yore and required him to plead thereto. Yore plead not guilty and demanded a jury trial.

On the coming in of the six jurors summoned, Yore's attorney challenged two of them peremptorily. The Justice overruled the challenges.

By Act No. 428, *Laws of* 1869, Art. 8, § 2, Justices of the Peace of the township of Benton are authorized to hear, try and determine cases of disorderly persons arrested without warrant, and before complaint, and kept in custody.

The Justice undertook to proceed under Chap. 118, while the Section 2, of Art. 8, under which Yore was arrested, plainly contemplates proceedings under Chap. 112. By both chapters there could be no trial without a warrant, for it is on its return

the Justice is authorized to hear, try and determine the cause. §§ 1551, 3926.

It is the charge in the warrant that is distinctly read to the defendant, and to which he is required to plead. § 3928. The sole use of the complaint is to authorize the issue of the warrant, while the warrant serves a two-fold purpose, viz: to cause arrest and to furnish pleadings. *Pratt vs. Bogardus*, 49 *Bar.*, 93; 10 *Mich.*, 185; 9 *Id.*, 193.

As the trial of a disorderly person arrested without warrant must be by a particular magistrate, this must appear on the face of the proceedings.

The name and style of the Justice must be set forth in the complaint. *Tiff. Cr. L.*, (*Howell*,) p. 134.

The peremptory challenge is not a common law right of a person charged with a misdemeanor. 4 *Bl. Com.*, 353. It is given by §§ 4400, 6070, only to persons indicted.

§ 3934, of Ch. 118 provides for challenges upon legal objections and no other. *Expressio unius est exclusio alterius. Tiff. Cr. L.*, 154.